MICHAEL E. HANSEN
California Bar No. 191737
711 Ninth Street, Suite 100
Sacramento, CA 95814
Mhansen@criminal-defenses.com

DANICA MAZENKO
California Bar No. 330710
D Mazenko Law
2443 Fair Oaks Bl, #486
Sacramento, CA 95825669-5693
DMazenkoLaw@gmail.com

Attorneys for Defendants
SANDRO DUVAL
SHELINA BISSETT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SANDRO DUVAL and<br>SHELINA BISSETT,<br><br>　　　　　　　　Defendants. | CASE NO. 2:24-CR-68 DC<br><br>MOTION TO CONTINUE CHANGE OF PLEA HEARING; [PROPOSED] ORDER<br><br>DATE: November 14, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena Coggins |

1.　　This matter currently is set for a Change of Plea hearing on November 14, 2025, and time has been excluded under the Speedy Trial Act through that date, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv) [Local Code T4]. ECF 91.

2.　　The defendants request that this Court continue the Change of Plea to January 23, 2026, at 9:30 a.m., and exclude time from November 14, 2025, through January 23, 2026, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.　　The defendants request the Court find, the following:

　　　a)　　The government has produced substantial discovery associated with this case that

includes investigative reports and related documents in electronic form, including several video and audio recordings and surveillance photographs. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendants desire additional time to review the discovery, consult with their clients, review the current charges, and conduct investigation and research related to those charges.

   c) After the Court set the Change of Plea hearing for August 29, 2024, counsel for the defendants were informed of a funding shortfall and that, as of July 7, 2025, funding for CJA attorneys and their related providers was fully depleted, leaving CJA attorneys and providers without compensation until new allocations arrive no earlier than October 1, 2025. As of November 6, 2025, compensation has not been received, is not scheduled, and there is no foreseeable future funding in light of the government shutdown.

   d) The defendants reside in Georgia and are represented by CJA-appointed counsel. In light of the Court's funding shortfall, holding a Change of Plea hearing on November 14, 2025 would impose the following financial burdens: (1) compensation to the investigators, mitigation specialists, and paralegals for preparation for change of plea and sentencing would be delayed; (2) compensation to defense counsel would be delayed for all services related to the change of plea and sentencing including client meetings, brief drafting, and preparation for and attendance at hearings; and (3) reimbursement to defense counsel would be delayed for the defendants' travel-related expenses not covered by the U.S. Marshall's Office. While CJA counsel must ordinarily advance such expenses subject to later reimbursement, that requirement itself imposes a burden. Requiring counsel to carry these costs for an extended period until new funding becomes available imposes an undue burden, particularly when counsels' credit should be preserved for their own financial obligations during this challenging situation.

   e) This Court is not alone in addressing this issue. Other judges in this District have granted continuances in recognition that the CJA funding shortfall, places practical burdens on appointed counsel that affect their ability to prepare and proceed effectively. See, e.g., *United States v. You An Li*, No. 2:17-cr-136-DJC, ECF 449 (E.D. Cal. July 16, 2025). While each case

2

must be considered on its merits, these prior rulings reflect a recognition that such continuances serve the ends of justice by ensuring that defendants receive effective representation and that counsel are not unduly hindered by financial constraints outside their control.

        f)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the date prescribed by the Speedy Trial Act.

        h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 14, 2025, to January 23, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], because it results from a continuance granted by the Court at the defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

        i)      The government does not oppose the requested continuance.

4.      Nothing in this motion and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Dated: November 6, 2025                              */s/ MICHAEL E. HANSEN*
                                                                        MICHAEL E. HANSEN
                                                                        Counsel for Defendant
                                                                        SANDRO DUVAL

Dated: November 6, 2025                                */s/ DANICA MAZENKO*
                                                                        DANICA MAZENKO
                                                                        Counsel for Defendant
                                                                        SHELINA BISSETT

# FINDINGS AND ORDER

The court, having received, read and considered the parties' stipulation filed on November 7, 2025, and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Change of Plea Hearing, as to Defendants Sandro Duval and Shelina Bissett, set for November 14, 2025, is VACATED and RESET for January 23, 2026 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between November 14, 2025, and January 23, 2026, inclusive, is excluded under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated: **November 8, 2025**

Dena Coggins
United States District Judge