DANICA MAZENKO #330710
2443 Fair Oaks Blvd #486
Sacramento, CA 95825
Tel: (619) 669-5693
DMazenkoLaw@gmail.com


Attorney for Defendant
SHELINA BISSETT


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　　vs.<br><br>SHELINA BISSETT,<br><br>　　　Defendant. | ) Case No. 24-CR-0068-DC<br>)<br>) **Defendants Shelina Bissett and Sandro Duvall's**<br>) **Request And Order for Funds For Travel And**<br>) **Subsistence Pursuant to 18 U.S.C. §4285 and**<br>) **the Criminal Justice Act 18 U.S.C. §3006A**<br>)<br>) Date:　February 6, 2026<br>) Time:　9:30 a.m.<br>) Judge: Hon. Dena M. Coggins<br>)<br>) |

### I.　　Introduction

Shelina Bissett and Sandro Duvall are scheduled for a Change of Plea on February 6, 2026. Ms. Bissett and Mr. Duvall cohabitate with their 24-month-old daughter in Atlanta, Georgia. Both Ms. Bissett and Mr. Duvall are indigent and request funds to allow them to travel to their arraignment and return home after that proceeding. Due process requires that the necessary funds be provided.

### II.　　Due Process Requires the Provision of the Requested Funds

Ms. Bissett's indigency is supported by her financial affidavit, which her counsel submitted to CJA administrative personnel on April 1, 2024. According to the affidavit, she owns a vehicle for which the approximate market value less the outstanding balance renders her equity

-2-

approximately $6000. Ms. Bissett presently has no income; her expenses are provided for by her boyfriend, as Ms. Bissett devotes all of her time to caring for the couple's child.

Mr. Duvall's indigency is supported by his financial affidavit, which his counsel submitted for to CJA administrative personnel on April 1, 2024.  According to the affidavit, he earns approximately $3000/month and provides for Ms. Bissett and their child.

There is unambiguous statutory authority for this Court to direct the United States Marshal to furnish Ms. Bissett and Mr. Duvall with the cost of travel to Sacramento, California, so that they can attend court in Sacramento.  *See,* 18 U.S.C. §4285.  Pursuant to that statute, Ms. Bissett and Mr. Duvall request the United States Marshal provide each of them with subsistence expenses during their travel period not to exceed the amount authorized as per diem allowance per person for travel under 5 U.S.C. §5702(a).

Several cases have held that §4285 does not obligate the Marshal Service to pay an indigent defendant's subsistence expenses–food and lodging–once the defendant arrives and can attend Court.  Of course, the defendant has a due process right to attend her court proceedings and cannot be forced to choose between surrendering themselves into custody or to go without food and lodging while attending court. *See, United States v. Badalamenti*, 1986 WL 8309 (S.D.N.Y. Jul. 22, 1986).  In *United States v. Mendoza*, 734 F.Supp.2d 281, 286-87, (E.D.N.Y. 2010), the Court found that the Criminal Justice Act, 18 U.S.C. §3006A, provided the appropriate funding mechanism for a defendant's lodging and subsistence expenses while he or she is away from home for court proceedings and for the cost of return travel and subsistence.

**III.    Conclusions**

Based on those precedents, Ms. Bissett and Mr. Duvall request funding for their travel and subsistence as follows:

(1) From the United States Marshal for the cost of travel to Sacramento, California, so that they can attend court in Sacramento on February 6, 2026, and subsistence during that travel, pursuant to 18 U.S.C. §4285.

(2) From funds authorized under the Criminal Justice Act, 18 U.S.C. §3006A, for the defendants' subsistence expenses while they are in Sacramento on February 5, 2026 and February 6, 2026 for their Change of Plea, and for the cost of their return travel home and subsistence during that travel.

(3) From any other source the Court finds appropriate for the travel and subsistence expenses noted above.

Undersigned counsel is informed and believes this Court is inclined to order travel and subsistence funding as referenced in (1) and (2) above and to further authorize undersigned counsel to advance the subsistence expenses specified in (2) above with reimbursement to counsel from Criminal Justice Act (CJA) funds ordered by the Court.

Counsel will provide defendants Bissett and Duvall with copies of the travel funds document which is attached to the proposed order and advise Ms. Bissett and Mr. Duvall of their potential liability for excess expenses. Counsel will seek reimbursement from CJA funds promptly once the authorized travel is completed.

Dated: January 20, 2026                    Respectfully submitted,

*/s/ Danica Mazenko*
DANICA MAZENKO
Attorney for Ms. Bissett

*/s/ Michael E. Hansen*
MICHAEL E. HANSEN
Attorney for Mr. Duvall

**<u>ORDER</u>**

Pursuant to 18 U.S.C. §4285, the Court orders the United States Marshal to furnish Shelina Bissett and Sandro Duvall with the cost of travel from Atlanta, Georgia to Sacramento, California, so that they may attend court in Sacramento on February 6, 2026 at 9:30 a.m.  Ms. Bissett and Mr. Duvall will travel together on February 5, 2026. Additionally, the United States Marshal shall provide Ms. Bissett and Mr. Duvall with subsistence expenses for this period not to exceed the amount authorized as per diem allowance per person for travel under 5 U.S.C. §5702(a).

Pursuant to 18 U.S.C. §3006A, the Court orders disbursement of Criminal Justice Act (CJA) funds to furnish Shelina Bissett and Sandro Duvall with the cost of food and incidental expenses while they are in Sacramento, California on February 5, 2026 and February 6, 2026, in connection with their court appearance on February 6, 2026 at 9:30 a.m.  It is further ordered that CJA funds shall be disbursed for travel and subsistence to enable Ms. Bissett and Mr. Duvall to return to their home in Atlanta, Georgia when that court proceeding is completed.  It is further ordered that to the extent practicable, the travel and subsistence expenses shall not exceed the parameters set out in the attached Travel Funding Memorandum and the per diem allowance for travel under 5 U.S.C.§ 5702(a).

It is further ordered that appointed counsel may advance the travel and subsistence funds to be disbursed from CJA funds.  Counsel shall seek any reimbursement from CJA funds promptly once the authorized travel is completed.  Counsel shall endeavor to limit the expenses to the parameters set out in the attached Travel Funding Memorandum, however counsel is not personally liable for excess expenses and shall be reimbursed from CJA funds for all expenses reasonably authorized.

IT IS SO ORDERED.

Dated:  January 21, 2026
January 21, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE